**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MORAN INDUSTRIES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:10-cv-06376 |
| | ) |
| **RUDY CADENA,** | ) Hon. Judge Der-Yeghiayan |
| | ) |
| **Defendant.** | ) |
| | ) |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Moran Industries, Inc. ("Moran"), by its attorneys, respectfully requests this Court, pursuant to Federal Rule of Civil Procedure 55, for entry of a default judgment against defendant Rudy Cadena. In support of its motion, Moran states as follows:

1. On October 5, 2010, Moran filed its complaint against defendant based on defendant's trademark infringement, breaches of the franchise agreement, and breaches of the promissory notes. [Doc. 1].

2. Defendant was served with summons and complaint on October 14, 2010. [Doc. 9].

3. Defendant was required to file his responsive pleading within twenty-one days after the summons were served upon him.

4. To date, defendant has failed to file his answer or responsive pleading.

5. Pursuant to Rule 55(a), a default must be entered against a party when that party has "failed to plead or otherwise defend." FED. R. CIV. P. 55. There are two steps to obtaining a

default judgment. First, a party must have an entry of default made against it.[1] Second, a motion for default judgment is made to the court. These two steps may be combined into one motion. *See* Gensler, Federal Rules of Civil Procedure Rules and Commentary, FED. R. CIV. P. 55 (2010); *see also Niemic v. Maloney*, 409 F. Supp. 2d 32, 37 (D. Mass. 2005); *Mwani v. bin Laden*, 417 F.3d 1 (D.C. Cir. 2005) (treating "motion for entry of default by the clerk" as motion for entry of default judgment as well.)

6. By failing to answer or otherwise plead, defendant is deemed to have admitted all of the well-pleaded facts contained in the complaint. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); *Kolovitz v. Brokers Title Ins. Co.,* No. 03C5468, 2004 U.S. Dist. LEXIS 9846, at *5 (N.D. Ill. May 28, 2004) ("A default judgment establishes, as a matter of law, that defendant is liable to plaintiffs as to each well-pleaded cause of action alleged in the complaint[.]"); *see also Cent. Laborers' Pension v. C. Grantham Co.,* No. 09622DRH, 2009 U.S. Dist LEXIS 116855, *3 (S.D. Ill. Nov. 30, 2009); *United States v. Dix,* No. 07C1088, 2009 U.S. Dist. LEXIS 30128 (E.D. Wis. Mar. 25, 2009).

7. At the initial status hearing, Moran will submit a declaration setting forth the amounts owed to Moran by defendant.

WHEREFORE, Moran respectfully requests that this Court enter a default judgment against defendant Rudy Cadena.

Dated: November 10, 2010

---

[1] Though the entry of default is typically made by the clerk, the Court may also enter a default. *See Candido v. District of Columbia*, 242 F.R.D 151, 155-56 (D.D.C. June 22, 2007).

**MORAN INDUSTRIES, INC.**,


By: /s/ Fredric A Cohen
    One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Lu Han (ARDC # 6292950)
**CHENG COHEN LLC**
311 N Aberdeen St, Ste 400
Chicago, IL 60607
((312) 243-1701
fredric.cohen@chengcohen.com
lu.han@chengcohen.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 10, 2010, I electronically filed *Plaintiff's Motion for Default Judgment* via this Court's CM/ECF system and sent the aforementioned documents via U.S. Mail, postage prepaid to the following:

Rudy Cadena
19322 Cypress Bay Drive
Katy, Texas 77449

                                                  s/ Lu Han_____